J. R. Baker, Plaintiff in Error, v. Samuel T. Shaw, Defendant in Error.

Kansas City Court of Appeals, April 15, 1889.

1. **Evidence**: RULES AS TO THE INTRODUCTION OF EVIDENCE TENDING TO CONTRADICT THE TESTIMONY OF WITNESS. While a witness cannot be cross-examined as to any fact collateral or irrelevant to the issues merely for the purpose of contradicting him by other evidence, and thereby discrediting his testimony ; yet it is not improper to inquire of a witness if he has not on a former occasion given a different account of the matter about which he has testified in order to lay the foundation for contradicting him ; but before introducing contradicting witnesses, the attention of the witness sought to be contradicted should be first called to the matter, time, place and circumstances so that he may have an opportunity to give his version and to explain what was said, etc.

2. ——— : ———. So when the witness, as in this case, testifies as to what was the arrangement between himself and his two sons, plaintiff and another, to take certain lands from him and pay certain debts of his, which arrangement is made an issue by the pleadings, it is proper to call his attention to certain conversations and letters in which he gave a seemingly different account of said arrangement and then to introduce such letters and evidence of such conversation to contradict the witness ; but it was improper to admit contradicting evidence as to whether in such conversation witness had said his son, Sam, was the cause of the trouble, as that matter was not in issue in the case and lent no light to the issue.

3. ———: ———: QUESTION TO CONTRADICTING WITNESS. When contradicting witnesses are called to establish the former contradictory statements their attention should be called directly to the alleged matter of conversation about which the witness sought to be contradicted had been interrogated; and not asked, what was said by the witness.

4. **Appellate, Practice:** HARMLESS ERROR WILL NOT WARRANT REVERSAL. As after excluding the objectionable testimony sufficient remains to justify this court in concluding that a new trial would quite surely result as the former, the admission of such testimony is not deemed prejudicial and will not warrant a reversal.

*Error to the Callaway Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed.

Statement of the case.

This was a suit brought by J. R. Baker to recover of Samuel T. Shaw $531.90, being one-half the sum plaintiff paid on note to John Carlisle made by J. M. Baker as principal and on which plaintiff and defendant were sureties. It was a suit for contribution between co-sureties.

Shaw, in answer, admitted the payment of $531.90 by the plaintiff on note to which they were co-sureties, but averred that the same was paid from proceeds of property of J. M. Baker, sold and conveyed to plaintiff for that purpose. Defendant set up by way of counter-claim that he had paid on note for J. M. Baker to one S. A. Nichols $594.44, and to one John Duncan on note of said J. M. Baker the sum of $319.20.

That he was surety on the Nichols and Duncan notes for said J. M. Baker; that he paid said debts as such surety. Defendant alleged that in 1886 said J. M. Baker sold and conveyed to his two sons, plaintiff and Sam Baker, three hundred and eighty acres of land, in consideration for which they undertook, agreed and promised to pay said notes of Carlisle, Nichols and

Baker v. Shaw.

Duncan, as well as all other debts then owing by said J. M. Baker.

Defendant alleged that plaintiff had fraudulently and improperly appropriated said farm (worth ten thousand dollars) to his own use, and failed to pay said debts as he had agreed and promised to do, and asked judgment against the plaintiff for the sums so paid on the Nichols and Duncan claims, which plaintiff, in consideration for said three hundred and eighty acres of land, had agreed to pay, and which he (defendant) had been forced to pay by reason of the fraud, rascality and failure to pay on part of the plaintiff.

The question in issue was the character and extent of the contract made by plaintiff and his brother to pay the debts of J. M. Baker, the grantor. The evidence was to some extent conflicting.

Defendant's evidence tended to prove that they assumed all the debts, particularly the Carlisle, Nichols and Duncan notes, and plaintiff's, that they only agreed to apply the consideration for the land to the payment of the debts as they were presented and pressed. J. M. Baker was a witness for plaintiff, and on cross-examination he was asked, among other questions, if he had not stated to defendant at McCredie in November, 1886, that he had sold the farm to his sons in good faith that he might arrange to pay his debts. That he had given his sons (plaintiff and Sam) a list of his debts and directed them to pay off at once the most urgent and get time on the others until they could pay them all. That his son Sam was the principal cause of his trouble. That he had left a large amount of personal property on the old place in Sam's hands, some three or four thousand dollars' worth, and that he could get nothing out of him. Each of these questions was objected to as asked, on the ground that they were irrelevant and immaterial, that the witness was not a party to the suit, and that the statement was made long after the delivery

of the deed. The court admitted the evidence, holding that it was competent for the purpose of laying the foundation to contradict and impeach the witness.

In rebuttal defendant, against plaintiff's objection, was permitted to show what the witness, J. M. Baker, had said in the conversation at McCredie. The question was asked if witness had a conversation with J. M. Baker at McCredie in November, 1886, and if so what he said. Objection was made that the evidence called for was irrelevant and immaterial and the question was too general. The objection was overruled and witness permitted to state what was said about the terms of the contract. Witness was asked what, if anything, J. M. Baker said in that conversation about Sam being the principal cause of his trouble. Plaintiff objected for the same reason and also on the ground that the question was too general for the purpose of contradicting the witness and was on an immaterial issue. The court overruled the objection and witness testified that J. M. Baker told him that Sam was the principal cause of his trouble; that Sam had three or four thousand dollars' worth of property in his hands.

Letters written by J. M. Baker to one Robinson, one in March, 1886, before the deed, and one in August, 1886, after the deed, were read in evidence against plaintiff's objections.

Exceptions were saved to the admission of all this testimony. The judgment was for defendant on plaintiff's cause of action and for defendant on each counterclaim for the full amount claimed. Plaintiff brings the cause here for review by writ of error.

*Crews & Thurmond* and *G. B. MacFarlane*, for plaintiff in error.

(1) Whether Sam Baker had been the cause of the trouble of J. M. Baker, or whether he had in his possession three or four thousand dollars' worth of other

property, was not pertinent to the issue in the case, and the evidence thereof should not have been admitted. Sam Baker was not a party to the suit, neither was J. M. Baker. (2) (*a*) Defendant had no right to interrogate witness J. M. on a subject not pertinent or relevant to the issues involved for the mere purpose of discrediting him. *Harper v. Railroad*, 47 Mo. 568; *Bank v. Murdock*, 62 Mo. 70; 1 Greenl. Ev., sec. 449. (*b*) Nor did he have the right to interrogate another witness as to what J. M. Baker did say on that subject. *Howard v. Ins. Co.*, 4 Denio, 502; *Furst v. Railroad*, 92 N. Y. 544; *Plato v. Reynolds*, 27 N. Y., on page 594; 3 Wait's Practice, 140; *Kaime v. Trustees*, 49 Wis. 371. (3) The letters written by the witness, J. M. Baker, to Robinson, particularly the one written in March, before the execution of the deed were inadmissible. No business relation between plaintiff and J. M. Baker was shown to exist prior to that time. All the evidence objected to was clearly inadmissible and the only question left is whether its admission was reasonably calculated to influence the jury. We think it would naturally have that effect. Sam Baker was a grantee in the deed with plaintiff, and his obligation under the deed and assumption was the same as that of plaintiff.

*Isaac W. Boulware*, for defendant in error.

(1) The court below committed no error in permitting the letters of J. M. Baker and W. W. Robinson to go to the jury. Before being read to the jury, were submitted to, read and identified by J. M. Baker. *Pruitt v. Martin*, 59 Mo. 325; *State v. Matthews*, 88 Mo. 121. The letters were harmless and not prejudicial to the rights of plaintiff. These letters were competent to contradict and impeach the witness. To show what his contract with plaintiff, when the deed was made, was, that he was to pay all notes then outstanding against

him. (2) The testimony of witness J. M. Baker in chief, on behalf of his son, the plaintiff, tended to show that his sons had acted in good faith; that he gave them no list of his debts when he made the deed; that no note was named but a note for twelve hundred dollars to his son, the plaintiff, which he directed should be paid; that his son Sam owed him nothing; that the land conveyed was all the property he owned. His whole evidence in chief was for the purpose of "backing up" his sons' conduct and remove all suspicion of fraud. Defendant had the right on cross-examination to test his memory—show that he had made statements (both spoken and written) contrary to, and in conflict with, those made in his examination in chief. To ask him if his son Sam did not owe him—that he wanted to make a general assignment, but plaintiff and Sam persuaded him to deed his property to them and they would pay his debts—these were material and proper inquiries. A proper foundation was laid for the inquiries. *Bohart v. Buchanan*, 50 Mo. 201; *State v. Frye*, 53 Mo. 336; *State v. Elkins*, 63 Mo. 159; *Howard v. Ins. Co.*, 6 Mo. App. 577; *State v. Reid*, 89 Mo. 168. (3) The defendant, in his answer and counter-claim, charged fraud and fraudulent combination on the part of plaintiff, his father and brother. Fraud can be proved by very slight circumstances as well as by positive testimony. To establish fraud, great latitude is allowed in the admission of testimony, examination of witnesses, etc. *Hopkins v. Sievers*, 58 Mo. 201; *Chandler v. Freeman*, 50 Mo. 239; *Borgert v. Borchert*, 59 Mo. 80; *State to use v. Estel*, 6 Mo. App. 6; *Rinkle v. Nichols*, 7 Mo. App. 591; *Groschle v. Bordenheimer*, 15 Mo. App. 353. (4) The questions asked witness J. M. Baker on cross-examination were for the purpose of contradicting his statements. To show that his financial condition at time he conveyed his land was different from what he stated it was in chief; that his sons got all his property,

real and personal, and that he was now aiding them in their efforts to defraud defendant. This evidence was material, pertinent and relevant. *Massey v. Young*, 73 Mo. 260 ; *Schultz v. Christian*, 9 Mo. App. 588 ; *Railroad v. Silver*, 56 Mo. 265. (5) The plaintiff was not wrongfully injured or prejudiced by any ruling of the court below on the admission of evidence. No injustice was done him ; the jury was not mislead, but their verdict was in strict accord with justice and right. *Hicks v. Railroad*, 68 Mo. 68. (6) It being apparent from the record that the verdict is just, for the right party ; that the same defense was made on each claim of defendant ; that both claims grew out of, and were bottomed on, the same transaction—the court will not set aside the verdict for the reason that it is for the aggregate amount claimed in both counts, less the credit of one hundred and forty-five dollars, which defendant admitted should be deducted, and especially where the evidence shows no possible injustice was done plaintiff. *Cartwright v. Culver*, 74 Mo. 179 ; *Sweet v. Maupin*, 65 Mo. 69.

GILL, J.—The only matters assigned for error, and on which plaintiff asks a reversal, relate to the admission of certain evidence on the part of the defendant.

J. M. Baker, plaintiff's father, testified for plaintiff, and though his evidence was not clear as to the extent of plaintiff's undertaking to pay the debts of the said J. M. Baker, in consideration of the conveyance of the land, it yet *tended* to prove plaintiff's claim that he and his brother Sam were to pay such debts only to the extent of eight thousand dollars and no more. Then as tending to impeach the witness, J. M. Baker, on cross-examination the following question was asked by defendant's counsel:

Question number 1 : "Did you have a conversation with plaintiff and T. W. Shaw at McCredie on or about the twenty-second of November, 1886, in which you

stated that you had sold the old farm in good faith; that you were sick in bed at the time and never expected to get up again, and that you made the deed to your sons, plaintiff and Sam, in good faith that you might arrange to pay your debts?"

To this question plaintiff's counsel objected on the ground that it was irrelevant and immaterial, and that it called for a conversation long after the witness had made the deed to plaintiff and the witness was not a party to the suit.

The court held the question competent as laying the foundation to contradict and impeach the witness and permitted the witness to answer. To which ruling of the court, plaintiff's counsel excepted at the time and saved his exception.

Witness answered: "I don't remember that I made such a statement."

Question number 2, by defendant's counsel: "Did you say in that conversation that you had given to plaintiff a list of your debts and told him to pay off at once the most urgent, and get time on the others until they could pay them all?"

To this question the same objection was made by plaintiff's counsel; the same ruling of the court for the same reasons, and exception saved.

Witness answered: "I don't recollect that I said that to them."

After several questions of the same character with like rulings of the court the question number 3 was asked: "Did you say in that conversation that your son, Sam, was the principal cause of your trouble? That you had left a large amount of personal property on the old place in Sam's hands, some three or four thousand dollars' worth, and that you could get nothing out of him?"

To this question plaintiff's counsel objected on the ground that the evidence called for was irrelevant and

immaterial ; that the conversation was long after the execution and delivery of the deed to plantiff, and that the witness was not a party to the suit. The objection was overruled by the court and plaintiff excepted and at that time saved his exception.

The following letters written to W. W. Robinson by J. M. Baker were offered in evidence:

"McCredie, August 5, 1886.

"*Mr. Wm. Robinson.*

"Dear Friend : — I made arrangements with Bob to pay all my debts as fast as he could. I gave him your name and told him you wanted your money. I gave him a list of what I owed. I have not heard from a man since.

(Signed) " John M. Baker."

Defendant also read another letter from J. M. Baker to Robinson of date March 29, 1886, and all over the objections of the plaintiff:

Defendant followed up this evidence by that of witnesses whose testimony tended to contradict that of J. M. Baker as to these various conversations, and to all this plaintiff objected for the same reasons heretofore given and to the ruling of the court, in admitting such evidence, exceptions were saved.

It is a well settled rule that a witness cannot be cross-examined as to any fact collateral or irrelevant to the issues merely for the purpose of contradicting him by other evidence, and thereby discrediting his testimony. But it is not improper to inquire of a witness if he has not on a former occasion given a different account of the matter about which he has testified in order to lay the foundation for impeaching his testimony by contradicting him. 1 Greenl. Ev., sec. 449.

It is also a well understood rule that before introducing the contradicting witnesses, that the attention of the impeached witness shall be first called to the

matter, time, place and circumstances, so that he may have an opportunity to give his version and to explain what was said, etc.

Now, in this view of the law of evidence, some of the testimony above adduced by the defendant, in the cross-examination of the father of plaintiff, was not entirely proper. Questions 1 and 2 did pertain to the issue. If the witness had, on a former occasion, used the language imputed to him in these interrogatories, it was in regard to matter here in issue, and it would seem contradictory to his utterances at the trial. So, too, it may be said of the letter by the witness written to Robinson, August 5, 1886. But the answer to question above numbered 3, it would seem, lent no light to the issue before the court, and as much can be said of the letter of March 29, 1886, before the arrangement was made between plaintiff and his brother Sam and the father, J. M. Baker. This evidence was wholly immaterial to the issues of the case, and had no place at this trial in the circuit court.

Again, when witnesses for the defendant were called to establish these former contradictory statements, alleged to have been made by the witness sought to be impeached, their attention should have been called directly to the alleged matter of conversation about which the plaintiff's witness had been interrogated. The questions put by defendant's counsel, inquiring generally what was said by J. M. Baker at the time and place, were too comprehensive.

They should have been confined to the inquiry whether or not the witness, sought to be contradicted, used the language or the substance thereof which he had declined to admit. However this worked no injury to the plaintiff, since the answers of the impeaching witnesses were confined, in reasonable bounds, to the statements alleged to have been made by J. M. Baker, and to which his attention had been called. Neither do we

Emmerson v. St. Louis & Hannibal Ry. Co.

think the errors heretofore referred to, of such importance as to warrant a reversal of this cause. They relate to matters of no particular significance, and we do not see that they could have prejudiced the plaintiff's case. We should be slow to send this case back for a new trial, when upon reviewing the entire evidence, as shown by the record, a case so entirely meritorious is made for the defendant. Even to exclude the objectionable testimony, sufficient yet remains to justify this court in concluding that a new trial would quite surely result as the former—for the defendant on all the issues of the case. The judgment, therefore, of the circuit court is affirmed. The other judges concur.